# Brundred, Appellant, *v.* McLaughlin.

*Evidence—Facts—Opinion—Witness—Ejectment.*

In an action of ejectment the only question involved was the location of a boundary line.    A surveyor who made investigations on the ground was asked this question: "Where, in your opinion, is the line between Nos. 83 and 84?"    The trial court ruled that as the investigation made by the witness on the ground was for the purpose of ascertaining the boundary line, and as he had given the facts as he learned them, he should be

permitted to answer the question. *Held,* to be proper, inasmuch as the evidence was not a mere opinion of the witness, but a summary of his observations on the ground, and therefore testimony to a fact.

Argued Oct. 11, 1905. Appeal, No. 103, Oct T., 1905, by plaintiffs, from judgment of C. P. Venango Co., Aug. T., 1903, No. 2, on verdict for defendants in case of Benjamin F. Brundred and Elizabeth L. Brundred v. James E. McLaughlin et al. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Ejectment for land in Cranberry Township. Before CRISWELL, P. J.

The opinion of the Supreme Court states the case.
Verdict and judgment for defendants. Plaintiffs appealed.

*Error assigned* among others was the admission of testimony referred to in the opinion of the Supreme Court.

*J. H. Osmer,* with him *A. R. Osmer, N. F. Osmer* and *Trax & Parker,* for appellants.

*C. I. Heydrick,* with him *F. A. Sayers* and *J. L. Nesbit,* for appellees.

PER CURIAM, October 30, 1905:

The only question involved in this case was one of fact, to wit: the location of the boundary line between the plaintiff's land and the adjoining land of the defendant's. All of the evidence was relevant to that issue and it was correctly submitted to the jury.

The only assignment of error that we need notice specially is the second, to the admission of the question to the surveyor Reed, "Where in your opinion is the line between No. 83 and 84?" To the objection the court said that the investigation made by the witness on the ground was for the purpose of ascertaining the boundary line and having given the facts as he learned them he would be permitted to answer the question. The judge therefore admitted this, not as a mere opinion of the

witness but as a summary of his observations on the ground, and therefore as testimony to a fact. This is in accordance with the authorities: Jackson v. Lambert, 121 Pa. 182.

Judgment affirmed.